## JUDITH ROWELL *vs.* CITY OF LOWELL.

In an action to recover for personal injuries, a surgeon who attended and prescribed for the plaintiff once, three months after the accident, and examined the injuries again after the action was brought, may be allowed to testify to his opinion of the plaintiff's condition, and the lasting character of the injuries, derived from what he saw, but not from any statements of the plaintiff, and to testify that at the last interview she went lame; although he does not remember the particulars of the injury, or of the treatment which he prescribed, at his first visit.

A surgeon called to testify as an expert to a personal injury, may be asked, on cross-examination, if it is not a fact in his experience, that injuries may and do exist where there are no outward manifestations of them.

ACTION OF TORT for personal injuries in January 1855 from a defect in the highway. A verdict rendered at September term 1856 of the court of common pleas was set aside by this court. 7 Gray, 100.

At the second trial in the court of common pleas at March term 1858, before *Perkins,* J., the defendants denied that the plaintiff had received any injury from the accident. The plaintiff called Dr. Kimball, an experienced surgeon, and the only one who had visited her to prescribe for her. He testified as follows : " Three months, more or less, after the accident, I was called upon by the plaintiff's sister to visit the plaintiff. I examined the limb, but cannot describe particularly what I then discovered. I saw some appreciable evidence of injury to the limb, and gave the plaintiff some directions (I cannot tell what) about keeping quiet and the use of the limb. She seemed to be in pain. My opinion from what I saw was that she was suffering pain." He was then asked : " From the declarations of the patient as to her then state of feeling, and the examination you made, can you form any opinion as to the extent of the injury she was then laboring under ? " This question was objected to by the defendants, and the judge ruled that the witness could be allowed to state only the opinion formed from what he saw of the condition of the plaintiff, and not from any answers, statements or declarations of the plaintiff. The witness continued : " I shall have to say that the injury was in the

nature of a sprain. There was room for a reasonable hypothesis that there might be a fracture of the small bone of the leg. I cannot tell the specific injury, nor is it in the power of man to tell. There are often injuries that cannot be located. I saw the plaintiff next time a year or more afterwards, about the time of the last trial, and then made an examination in order to be a witness at the trial, and again last evening for the same purpose. These were the only times I saw the plaintiff." The witness then, in answer to a question, said: " I cannot tell what opinion I formed from the examination at the last trial; I do not know what I saw then. I cannot say what appearances the limb exhibited that she was suffering pain. I think from her appearance then that she was suffering pain, but from local appearances I could discover no data from which to form an opinion; could only compare it with other cases." The question was then put, " From your examination of the patient at the time, and from your knowledge and experience as a surgeon, could you form any opinion as to the permanency of the injury ?" This question was objected to; but the judge overruled the objection; and the witness answered, " I should say it was a permanent injury, from the examination I made, independently of anything said by her. When I went to see her, I noticed the fact that she went lame." This statement was objected to, but the objection was overruled. The witness then testified : " The examination of last evening settles the question of its being a permanent injury. The injured limb is larger than the other, and has not the appearance of a healthy limb." On cross-examination, he said that he did not know what he prescribed for the leg the first time he saw her, or whether he prescribed anything; that there was talk about her suing the city ; that he saw no difference then between the size of he legs, nor did he remember any difference at the second exam ination in September 1856.

A physician called by the defendants was asked on cross-examination: " Is it not a fact in your experience that injuries may exist and do often exist where there are no outward manifestations ?" The defendants objected to this question, but the objection was overruled

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*B. F. Butler,* ( *T. H. Sweetser* with him,) for the defendants. 1. Dr. Kimball was not called in until three months after the accident, and after a " talk of suing the city; " never saw the patient again until called as a witness at the first trial; and could not tell what he saw then or at the first time, or what directions he gave, if any. The opinion which he then formed from his examination, but which he had no present knowledge of any facts to support or means of testing, and without any means of ascertaining whether it would be his present opinion, should not have been admitted. *Lund* v. *Tyngsborough,* 9 Cush. 36. The question and answer as to the permanency of the plaintiff's injuries were objectionable, as putting to an expert the fact to be tried by the jury. And the answer that " she went lame " was incompetent, because not within the peculiar knowledge of an expert. *New England Glass Co.* v. *Lovell,* 7 Cush. 319. An expert in surgery ought not to give his opinion as to acts of the plaintiff, done for the purpose of making evidence for herself after action brought. *Keith* v. *Lothrop,* 10 Cush. 457. *Stranger* v. *Searle,* 1 Esp. R. 14.

2. The question put on cross-examination to the defendants' witness was irrelevant and incompetent.

*J. G. Abbott,* for the plaintiff.

By the Court. 1. The examination of the physician was carefully limited by the presiding judge to the results of his own observation as to the condition of the patient, and was thus kept within the rule prescribed by law for the testimony of experts.

2. The question put to the defendants' witness was competent on cross-examination. *Exceptions overruled.*